UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHANIEL JAMES DAVIS, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOHN ALDANA, ) <br> ) <br> Respondent. ) <br> _____ ) | CASE NO. C12-480-MJP-BAT <br><br> REPORT AND RECOMMENDATION |

On March 20, 2012, petitioner submitted to this Court for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner identified the judgment under attack as one arising out of his 2006 conviction in King County Superior Court on multiple counts of forgery and theft.  This Court reviewed petitioner's petition and concluded that there were deficiencies which would need to be corrected if petitioner wished to proceed with this action. Accordingly, on May 14, 2012, this Court issued an Order declining to serve the petition and granting petitioner leave to amend his petition to correct the deficiencies identified in the Order. (Dkt. No. 8.)

REPORT AND RECOMMENDATION
PAGE - 1

Among the deficiencies identified by the Court in its May 14, 2012 Order was that petitioner failed to demonstrate that he had properly exhausted each of his federal habeas claims in the state courts.  (Dkt. No. 8 at 1-2.)  The Court explained that a state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted).  In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing, *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

The Court noted that, while it appeared petitioner may have presented at least some of his federal habeas claims to the state courts in some fashion, it was not clear that petitioner had presented *each* claim to *each* appropriate state court for review.  The Court explained that, typically, a claim must be presented to both the Washington Court of Appeals and the Washington Supreme Court before it becomes eligible for review by this Court.

A second deficiency identified by the Court in its May 14, 2012 Order was that petitioner had not named a proper respondent in his federal habeas petition.  (Dkt. No. 8 at 3.)  The final deficiency identified by the Court was that petitioner failed to demonstrate his petition was timely.  (*Id.*)  The Court noted that the judgment under attack was entered in August 2006 and that it was therefore possible, even likely, that any challenge to that judgment would be

REPORT AND RECOMMENDATION
PAGE - 2

barred by the one year statute of limitations.  (Dkt. No. 8 at 3.)   Petitioner was granted thirty days within which to correct the noted deficiencies and was advised that his failure to timely correct the deficiencies could result in dismissal of his petition.

On May 21, 2012, petitioner filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254.  A review of the amended petition reveals that many of the noted deficiencies remain.  While petitioner identified a proper respondent in his petition, he fails to demonstrate that each of his federal habeas claims has been properly exhausted and he fails to offer any clear explanation as to why he believes his petition is timely.  The Court is not in a position to make a conclusive determination regarding the timeliness issue because it does not currently have access to the state court record.  However, it appears clear, based upon the information provided by petitioner, that petitioner has not presented any of the claims identified in his amended petition to the Washington Supreme Court for review.  Accordingly, petitioner has not properly exhausted his claims and, thus, his claims are not eligible for federal habeas review.  This Court therefore recommends that petitioner's petition for writ of habeas corpus and this action be dismissed without prejudice.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.   A proposed order accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed no later than **September 11, 2012.**   The Clerk should note the matter for **September 14, 2012**, as ready for the District Judge's consideration. Objections shall not exceed five pages.   The failure to timely object may affect the right to appeal.

DATED this 21st day of August, 2012.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4